**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIEGO ANTONIO MOSQUEDA SANDOVAL (A No. 221-033-919),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-02832-JLT-EGC<br><br>ORDER DENYING THE PETITION FOR HABEAS CORPUS; DENYING PETITIONER'S REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Docs. 1, 2.) |

## I.     INTRODUCTION

Before the Court is Diego Antonio Mosqueda Sandoval's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing immigration detention. (Doc. 1.) For the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.

## II.     FACTUAL & PROCEDURAL BACKGROUND

This Court has summarized the factual and procedural history behind this action in a previous order and incorporates that summary by reference here. (*See* Case No. 1:26-cv-01103-JLT-SKO, Doc. 12.) On February 26, 2026, this Court issued a judgment granting Petitioner's petition for writ of habeas corpus and denying his request for a temporary restraining order as moot. (*Id*.) In granting the petition, the Court ordered Respondents to provide Petitioner with an

individual bond hearing at which the Government bears the burden of proof by clear and convincing evidence to show that Petitioner's detention is warranted.[1] (*Id*. at 3.)

On March 9, 2026, Petitioner was given a bond hearing before Immigration Judge Katie G. Mullins who determined that the Government had met its burden to prove that Petitioner's continued detention was justified based on "significant flight risk concerns." (*See* Digital Audio Recording ("DAR") at 25:10.) During the bond hearing, the Government presented evidence showing, *inter alia,* that Petitioner incurred seventeen Intensive Supervision Appearance Program (ISAP) violations, including a violation for tampering with his GPS monitoring device, has no fixed address, has no employment history in the U.S., and has no family or dependents in the U.S. (*See* DAR at 11:16 – 14:45.)

On April 14, 2026, Petitioner filed a second petition for habeas corpus, arguing that his continued detention without an adequate bond hearing violates this Court's prior habeas corpus order and, necessarily, his Fifth Amendment due process rights. (*See generally,* Doc. 1.) Petitioner now seeks an order granting, *inter alia*, his immediate release. (*Id*. at 29.)

### III.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or

---

[1] The relevant part of this Court's February 26, 2026, order reads as follows:

> **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents **SHALL** immediately release Petitioner.

(Case No. 1:26-cv-01103-JLT-SKO, Doc. 12 at 3.)

laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.' " *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (*quoting Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## IV.    DISCUSSION[2]

Petitioner argues that habeas relief is warranted because IJ improperly denied bond at his

---

[2] This Court has previously waived the prudential exhaustion requirement in procedurally similar cases. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (finding that petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); *see also*, *Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (holding that where a Petitioner seeks to enforce a prior habeas order in which an explicit finding of irreparable harm due to continued detention was made, such a previous finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement); *SEHAJVEER SINGH (A-No. 245-003-055), Petitioner, v. WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., Respondents*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at *3 (E.D. Cal. May 13, 2026) (same). The Court therefore adopts the reasoning of the above-mentioned cases and waives the prudential exhaustion requirement here on similar grounds.

March 9, 2026 bond hearing and abused her discretion by finding that the Government proved by clear and convincing evidence that Petitioner was a flight risk.  (Doc. 1 at 18-20.) In support, Petitioner cites to (1) the IJ's commentary at the outset of the bond hearing where she voiced her disagreement with the application of the "clear and convincing" burden of proof but nevertheless stated she would comply with this Court's order, (2) the IJ's failure to conduct an individualized balancing test articulated in *Matter of Guerra*[3], and (3) the IJ's reliance on "unconstitutional" Board of Immigration Appeals case law. (*Id*.) Having carefully considered and reviewed Petitioner's submissions and the digital audio recording of the March 9, 2026, bond hearing, the Court finds that that Petitioner has not demonstrated that the IJ failed to comply with its prior habeas order or otherwise abused her discretion.

The Ninth Circuit has explained that if an immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court accepts that it "applied the correct legal standard," unless there is an indication that "something is amiss." *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (cleaned up); *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009). Furthermore, this Court has previously found that absent additional indications of abuse of discretion, the mere presence of boilerplate language disagreeing with a district court's application of legal principles is not singularly determinative as to whether the IJ failed to apply the correct standard as mandated by prior district court order or failed to act as a neutral arbitrator. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *7 (E.D. Cal. Jan. 29, 2026) (declining to infer noncompliance on the part of an IJ where there appears to be a good faith effort to comply with this Court's mandate); *see* also, *J.H.R.G., Petitioner, v. TONYA ANDREWS, et al., Respondents.*, No. 1:26-CV-01389-JLT-EPG, 2026 WL 1454005 at *3 (E.D. Cal. May 22, 2026) (same). To be clear, this does not relieve the government of its

---

[3] *Guerra* discusses nine factors relevant to the bond determination, namely: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States. 24 I. & N. Dec. at 40.

obligation to meet the clear and convincing burden, nor does it permit IJs to rely on talismanic language in lieu of proper analysis.

The IJ's comments concerning the legal grounds for the application of the clear and convincing standard at the bond hearing does not nullify the fact that she expressly cited and applied the relevant case law in rendering its decision. Furthermore, Petitioner has not demonstrated that any aspect of the IJ's analysis or conduct was so "amiss" as to render such language talismanic. *Martinez,* 124 F.4th at 785.

As to the IJ's flight risk assessment and the constitutionality of BIA case law, those are not questions for this Court. Complaints about application of BIA case law to Petitioner and IJ's weighing of factors must be presented through the normal immigration appeal process.

Given that the Court finds that the IJ did not violate Petitioner's due process rights, Petitioner has not demonstrated why habeas relief would be appropriate in this case. If Petitioner's detention becomes unreasonably prolonged, Petitioner may raise a due process challenge at that time. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 877–82 (E.D. Cal. 2022) (finding that petitioner's one-year detention under § 1226(c) entitled him to a bond hearing).

## V.     CONCLUSION AND ORDER

1.     Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.     Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **DENIED** as moot.

3.     The Clerk of the Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **May 28, 2026**

UNITED STATES DISTRICT JUDGE